UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN W. MCDOUGALL CO. INC. | CIVIL ACTION |
| VERSUS | NO. 20-934 |
| SIKA CORPORATION AND SPECIFIED SOLUTIONS, LLC | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is plaintiff's motion to remand this matter to state court,[1] defendant Sika Corporation's motion to dismiss for lack of personal jurisdiction,[2] and defendant Specified Solutions, LLC's motion to dismiss for lack of personal jurisdiction.[3] Because plaintiff has demonstrated a reasonable possibly of recovery against Specified Solutions, the Court grants the motion to remand, and dismisses defendants' motions without prejudice.

### I. BACKGROUND

This case concerns the sealant used in the library at Tulane University. Plaintiff John McDougall Co., Inc. alleges that Sika Corporation is the producer of a silicone sealant known as "Sikasil N Plus," and that Specified

---

[1] R. Doc. 17.
[2] R. Doc. 14.
[3] R. Doc. 8.

Solutions, LLC acts as Sika's representative or dealer in distributing the sealant.[4] According to plaintiff, it purchased Sikasil N Plus from defendants[5] and applied it to panels installed at the library at Tulane University.[6] But the panels "began to delaminate and could not be repaired."[7] Sika later performed adhesion testing on the sealant, which demonstrated that it did not perform as expected when immersed in water.[8] Plaintiff alleges it replaced all the delaminated panels that contained Sikasil N Plus.[9]

Plaintiff, a Tennessee resident, sued Sika, a New Jersey corporation with its principal place of business in New Jersey, and Specified Solutions, a Tennessee limited liability company with its principal place of business in Tennessee, in Louisiana state court.[10] Defendants removed the matter to federal court, arguing that Specified Solutions was improperly joined.[11] Both defendants thereafter moved to dismiss plaintiff's petition on the grounds that neither defendant is subject to personal jurisdiction in Louisiana.[12]

---

[4] *See* R. Doc. 1-2 at 1-2 ¶¶ IV-V.
[5] *See id.* at 1 ¶ III.
[6] *See id.* at 2 ¶ VIII.
[7] *Id.* at 2 ¶ IX.
[8] *See id.* at 2 ¶ XI.
[9] *See id.* at 2 ¶ XII.
[10] *See* R. Doc. 1-1 at 1 ¶ 1.
[11] R. Doc. 1.
[12] R. Doc. 14; R. Doc. 17.

Plaintiff thereafter amended its complaint[13] and moved to remand the matter to state court.[14]

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). "[T]he removing party bears the burden of . . . show[ing] that federal jurisdiction exists." *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). And "[t]he jurisdictional facts that support removal must be judged at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In assessing whether removal is appropriate, the Court is guided by the principle that removal statutes should be strictly construed. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Accordingly, "[a]ny ambiguities are construed against removal." *Id.*

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*,

---

13   R. Doc. 16.
14   R. Doc. 17.

3

437 U.S. 365, 373 (1978). Ordinarily, when a plaintiff and a defendant are citizens of the same state, complete diversity is destroyed. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). And when a nondiverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332.

A defendant may remove, though, by showing that the nondiverse party was joined improperly. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). But "[t]he party seeking removal bears a heavy burden." *Id.* at 574. A defendant can establish improper joinder by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). To determine improper joinder under the second element, the Court asks "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

"In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, the district court may 'conduct a Rule 12(b)(6)-type

analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 69 (5th Cir. 2010) (per curiam) (quoting *Smallwood*, 385 F.3d at 573). The scope of the inquiry for improper joinder can be even broader than for Rule 12(b)(6), because when a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder," the Court may "pierce the pleadings and conduct a summary inquiry." *See Smallwood*, 385 F.3d at 573; *see also Menendez*, 364 F. App'x at 69.

In conducting this inquiry, the Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. So, too, must the Court resolve all "contested issues of fact" and all "ambiguities of state law" in favor of the party opposing removal. *See id.*; *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 813 (5th Cir. 2011).

## III. DISCUSSION

The Court considers plaintiff's motion to remand before considering defendants' motions to dismiss for lack of personal jurisdiction. *See Ruhgras AG v. Marathon Oil. Co.*, 526 U.S. 574, 588 (1999) (holding that

5

while a court may consider questions of personal jurisdiction before those of subject-matter jurisdiction, "in most instances subject-matter jurisdiction will involve no arduous inquiry," and "[i]n such cases, both expedition and sensitivity of state courts' coequal statute should impel the federal court to dispose of that issue first"). Defendants contend that remand is improper because Specified Solutions, the only non-diverse defendant, is improperly joined. The primary question in determining whether Specified Solutions is improperly joined is whether plaintiff "has demonstrated a reasonable possibility of recovery" against Specified Solutions. *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x at 69. The Court looks to plaintiff's original petition as it existed at the time of removal as the starting point of its improper joinder inquiry. *See e.g.*, *Petroleum Helicopters, Inc. v. Apical Indus. Inc.*, No. 6:13-cv-00015, 2013 WL 2297066, at *7-8 (W.D. La. May 23, 2013) (finding that a court could not consider a post-removal amended complaint in determining fraudulent or improper joinder); *DTND Sierra Invest., LLC v. Bank of New York Mellon Trust Co., N.A.*, No. SA-12-CV-1014-XR, 2013 WL 432923, at *5 (W.D. Tex. Feb. 4, 2013) (same).

      Plaintiff's original petition asserts claims for violation of the Louisiana Products Liability Act, for redhibitory defects, and in the alternative, for negligence, breach of warranty of reasonable fitness for ordinary use, breach

of warranty of fitness for a particular use or purpose, breach of express or implied warranties, breach of contract, and detrimental reliance.[15] A reasonable possibility of recovery against Specified Solutions on one of its claims is sufficient for plaintiff to demonstrate proper joinder.

Plaintiff shows a reasonable likelihood of recovery on its detrimental reliance claim. To state a detrimental reliance claim, plaintiff must show "(1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *East Tangipahoa Dev. Co., LLC v. Bedico Junction, LLC*, 5 So. 3d 238, 246 (La. App. 1 Cir. 2008). Plaintiff's original complaint alleged that Specified Solutions was an authorized representative or dealer for Sika,[16] that defendants were aware of plaintiff's intended use of Sikasil N Plus,[17] that defendants warranted it was free of defects,[18] that defendants sold Sikasil N Plus to plaintiff, and plaintiff was induced to buy Sikasil N Plus because of defendants' warranties.[19] These facts, viewed in the light most favorable to plaintiff, are sufficient state a claim for detrimental reliance, and therefore to demonstrate the reasonable possibility of recovery against Specified Solutions.

---

15   *See* R. Doc. 1-1 at 4-5 ¶ XIXX.
16   *See* R. Doc. 1-1 at 1-2 ¶ V.
17   *See id.* at 2, ¶ VI, 3 ¶ XVIII.
18   *See id.* at 4 ¶ XXVI.
19   *See id.* at 1 ¶ III.

7

Even were this not the case, the declaration of Donald Gahagan, which plaintiff attaches to its motion to remand, makes clear that plaintiff could recover against Specified Solutions under a detrimental reliance claim. The Court can consider Gahagan's declaration in "conduct[ing] a summary inquiry" *Smallwood*, 385 F.3d at 537, because the affidavit is used to "clarify or amplify" the claims in plaintiff's petition. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).

In his affidavit, Gahagan, the Vice President of Procurement and Facilities for John W. McDougall Co., attests that Dave Erwin, an owner and officer of Specified Solutions, approached him and arranged a meeting to discuss why plaintiff should use Sikasil N Plus.[20] Gahagan further attests that during the initial meeting and in subsequent discussions, the parties discussed plaintiff's use of the sealant Adfast Adseal 4580 and the construction projects plaintiff used that sealant on.[21] Gahagan states that "Sika and Specified knew that the Sikasil N Plus sealant would be regularly used throughout McDougall's fabrication business on any/all construction projects McDougall bid on throughout the United States, including potential construction projects in Louisiana."[22]

---

20   R. Doc. 17-2 at 2 ¶ 6.
21   *Id.* at 2 ¶ 7.
22   *Id.* at 3 ¶ 12.

8

Gahagan also attests that Specified Solutions advised McDougall that Sikasil N Plus was the equivalent of Adfast Adseal 4580, was a "top of the line" sealant, and would be an appropriate replacement for the Adfast sealant.[23] According to Gahagan, "based on the information, assurances, promises, and guidance provided by Specified, though Dave Erwin, . . . [plaintiff] determined that it would replace [its previously used] sealant with the Sikasil N Plus sealant for use in its construction/fabrication operations."[24] These sworn statements, taken together, demonstrate that Specified Solutions made a representation, that plaintiff had justifiable reliance, and that there was a change in position made by plaintiff to its detriment. These attestations therefore support a finding that plaintiff can reasonably recover under the theory of detrimental reliance from Specified Solutions.

Sika attaches two affidavits to its opposition to plaintiff's motion to remand. These affidavits do little to contradict portions of Gahagan's discussed above. As relevant here, the affidavit of Chris Chambliss, a sales representative for Sika, states that "McDougall's only known use of Sikasil N Plus was as a shop caulk for its own use and its own consumption in its

---

[23] R. Doc. 17-2 at 2 ¶ 7.
[24] *Id.* at 3 ¶ 10.

9

manufacturing facility in Tennessee."[25] And the affidavit of David Erwin, vice president of Specified Solutions, states that Erwin did not know plaintiff intended to "provide panels containing Sikasil N Plus at Tulane University."[26] At best, these statements create issues of fact. Resolving all contested issues of fact in favor of the party opposing removal, as the Court must, *Travis*, 326 F.3d at 649, the Court does not find these statements sufficient to demonstrate that plaintiff could not reasonably recover under its detrimental reliance claim.

Having determined that plaintiff has a reasonable claim against Specified Solutions on the merits, the Court turns to defendants' only remaining argument—that Specified Solutions is improperly joined because the Court lacks personal jurisdiction over the party. Generally, however, when district courts are confronted with an argument that a party is not properly joined because the court lacks personal jurisdiction over the party, the question of personal jurisdiction is left to the state court. *See Liljeberg v. Continental Tire The Americas, LLC*, No. 2:11-cv-510, 2012 WL 602306, at *4-5 (M.D. Ala. Feb 24, 2012) (remanding a case for lack of subject matter jurisdiction and leaving "to the learned state court the question of personal

---

[25]   R. Doc. 30-1 at 2 ¶ 9.
[26]   R. Doc. 30-2 at 2 ¶ 18.

jurisdiction"); *Thompson v. Cottrell, Inc.*, No. 10-124, 2010 WL 850183, at *3 (S.D. Ill. Mar. 8, 2010) (remanding a case and rejecting an argument that a defendant was improperly joined due to lack of personal jurisdiction because the argument did not go to the merits of the claim); *YA Global Investments, L.P. v. McKenzie Bay International Ltd.*, No. 09-2107, 2010 WL 398379, at *4 (D.N.J. Jan 27, 2010) (remanding a case and rejecting an argument that a defendant was improperly joined due to lack of personal jurisdiction because that defendants were "not challenging the viability of any of Plaintiff's state law claims"). The Court therefore does not address the issue of personal jurisdiction, and leaves that consideration for the state court.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand this matter to state court. Defendants' motions to dismiss for lack of personal jurisdiction are DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 29th day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE